IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Maritza Dominguez Braswell**

Civil Action No. 23–cv–00420–GPG–MDB

BRANDY LEE RYAN,

    Plaintiff,

v.

NAPHCARE, INC., and
MESA COUNTY SHERIFF'S OFFICE,

    Defendants.

## ORDER

This matter is before the Court on Plaintiff Brandy Lee Ryan's Motion for Default Judgment against Defendant Mesa County Sheriff's Office. (["Motion"], Doc. No. 32.) For the following reasons, the Motion is **DENIED WITHOUT PREJUDICE**.

Through the Motion, Plaintiff, who is proceeding pro se,[1] seeks default judgment against the Mesa County Sheriff's Office pursuant to Federal Rule of Civil Procedure 55 based upon their failure timely to file a responsive pleading to the operative complaint. (Doc. No. 10; *see* Doc. No. 19.) Pursuant to Rule 55, "[e]ntry of a default judgment involves a two-step process." *Meyers v. Pfizer, Inc.*, 581 F. App'x 708, 710 (10th Cir. 2014) (citing Fed. R. Civ. P. 55(a)–(b)).

---

[1] "A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)). "The Haines rule applies to all proceedings involving a pro se litigant." *Id*. at 1110 n.3. The Court, however, cannot be a *pro se* litigant's advocate. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

"If the defendant fails to timely respond to the complaint, the plaintiff can request entry of a default by the court clerk" under Rule 55(a). *Id.* "If the clerk enters a default, the plaintiff can [then] ask the court to grant a default judgment." *Id.*

Here, Plaintiff has not yet completed step one of this process—i.e., Plaintiff seeks entry of default judgment against the Mesa County Sheriff's Office but has not yet obtained an entry of default from the Clerk of Court. Nor is the Motion sufficient to satisfy the requirements for obtaining the entry of default. Rule 55(a) requires that the party moving for entry of default demonstrate "by affidavit or otherwise," the failure to plead or otherwise defend by the "party against whom a judgment for affirmative relief is sought." D.C.COLO.LCivR 55.1(a) includes additional requirements for an affidavit in support of the default judgment.

Accordingly, because Plaintiff has not yet obtained an entry of default from the Clerk's Office and because the Motion is insufficient to support the entry of default, Plaintiff's Motion (Doc. No. 32) is **DENIED WITHOUT PREJUDICE**.

The Clerk of Court is directed to mail this Order to Plaintiff at:

Brandy Lee Ryan, #120536
La Vista Correctional Facility (LVCF)
P.O. Box 3
Pueblo, CO 81002

Dated this 3rd day of May, 2023.

BY THE COURT:

_____
Maritza Dominguez Braswell
United States Magistrate Judge